**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CARL HUGHES,

                Plaintiff,

v.                                    CIVIL ACTION NO.   2:20-cv-00730

CORRECTIONAL OFFICER C. WHITE, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Complaint* (Document 1-1), the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 5), and the *Memorandum of Law in Support of Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 6).   By stipulation filed on December 9, 2020, the parties agreed the Plaintiff would have until December 22, 2020, to respond to the motion to dismiss.   No response has been filed.   For the reasons stated herein, the Court finds that the Defendant's motion should be granted in part and denied in part, as more fully set forth herein.

**FACTUAL BACKGROUND**

The Plaintiff originally filed his complaint in the Circuit Court of Kanawha County, West Virginia, on August 12, 2020.   The matter was removed to this Court on November 9, 2020.   The complaint alleges that while the Plaintiff was an inmate at the Huttonsville Correctional Center, he sustained injury and emotional distress after being beaten by Defendants C. White and T.

Hammonds, who were employed by the West Virginia Division of Corrections and Rehabilitation (WVDOC).

Specifically, the Plaintiff alleges that on or about August 29, 2018, the Plaintiff was serving his last day in segregation as an inmate of WVDOC.   The inmate in the cell beside the Plaintiff had an argument with Corporal Postels.   Corporal Postels left the area, stating that he would be right back.   Instead of Corporal Postels returning, Defendant Correctional Officers C. White and T. Hammonds returned and told the Plaintiff to "cuff-up."   The Plaintiff complied.   After he was handcuffed, one of the Defendants stated, "You want to disrespect one of my officers, we're going to beat you up."   (Compl. at ¶ 7.)

The Plaintiff tried to explain that the Defendants were making a mistake and had the wrong person.   The Defendants then attempted to slam the Plaintiff's face into the bar over the pod door. They ran the Plaintiff into the wall, causing his face to hit the wall.   The Defendants grabbed the Plaintiff's legs from underneath him and slammed him into the concrete.   At that point, Corporal Postels came running out to inform the two officers they had the wrong inmate.   The Defendants apologized to the Plaintiff but threatened that if he tried to report the incident, something worse would happen to him.   The Plaintiff suffered blurred vision in his left eye, a black eye, cuts, bruises, mental anguish, embarrassment, and humiliation as a result of the incident.

Based on these allegations, the Plaintiff asserts claims for assault and battery, violation of 42 U.S.C. § 1983, and failure to comply with legislative rules and WVDOC policy and procedures. The Plaintiff asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage applicable to the claims.   He states that he is not asserting a claim pursuant

to 42 U.S.C. § 1983 against the WVDOC, nor is he asserting a claim for punitive damages against the state agency.

The Defendant WVDOC filed its motion to dismiss on November 25, 2020.   The Plaintiff has not filed a response.   The matter is ripe for review.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading.   *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).   In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.   Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual

3

inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendant argues that it is entitled to qualified immunity because it has not violated any of the Plaintiff's clearly established rights or acted in a way that was fraudulent, malicious, or oppressive. Moreover, the Defendant argues that all state law negligence claims are barred by

4

qualified immunity, and that violation of departmental policy does not equate with constitutional unreasonableness.

The Defendant also alleges that because it is a state agency it is incapable of committing an assault and/or battery, and therefore cannot be held liable for it.   Next, the Defendant argues that the Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed against it but acknowledges that the Plaintiff stated in the complaint that he is not asserting such a claim against the Defendant. Lastly, the Defendant argues that it cannot be held vicariously liable for assault and battery because such intentional acts would be outside the scope of the individual Defendants' employment.

   A.  *Qualified Immunity and Vicarious Liability*

To determine whether a state or its agencies are entitled to qualified immunity, the West Virginia Supreme Court has established a two-part test.   First, for discretionary government functions, "a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive."   Syl. pt. 11, *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 756 (W. Va. 2014).   A state, its agencies, and its officials are entitled to immunity from liability in the absence of such a showing.   *Id.*

If, however, the plaintiff identifies a clearly established right which has been violated by the acts or omissions of the state, its agencies, or its officials or employees, then "the court must determine whether such acts or omissions were within the scope of the public official or employee's duties, authority, and/or employment."   *Id.* at Syl. pt. 12.   If the court determines that

the employee was acting within the scope of his employment or duties, then the state and its agencies may be held vicariously liable for such acts or omissions.   *Id.*

Accordingly, the Court must first determine whether the actions of Defendants White and Hammonds constitute a violation of a clearly established statutory or constitutional right, the law of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive.   To demonstrate a clearly established right, a plaintiff "must do more than allege that an abstract right has been violated.   Instead, the plaintiff must make a particularized showing that a reasonable official would understand that what he is doing violated that right or that in the light of preexisting law the unlawfulness of the action was apparent."   *W. Va. Reg'l Jail*, 766 S.E.2d at 776 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (internal quotation marks omitted). Inmates have a clearly established right to be free from excessive force.   *Hudson v. McMillian*, 503 U.S. 1, 5-6 (1992) (holding that the use of excessive force against a prisoner may constitute cruel and unusual punishment even if the inmate suffers no serious injury).   Inflicting injuries on an inmate for no legitimate reason, as the Plaintiff has alleged, violates a clearly established right.

Next, the Court must determine whether Defendants White and Hammonds were acting within the scope of their duties, authority, and/or employment.   Whether an act falls within the scope of employment generally presents a question of fact.   *W. Va. Reg'l Jail*, 766 S.E.2d at 768. The West Virginia Supreme Court has outlined several factors to consider for purposes of determining whether an act is within the scope of employment including, whether "the conduct is 1) of the kind [the employee] is employed to perform; 2) occurs within the authorized time and space limits; 3) it is actuated, at least in part, by a purpose to serve the master, and 4) if force is used, the use of force is not unexpectable by the master."   *W. Va. Reg'l Jail*, 766 S.E.2d at 769

6

(quoting Restatement (Second) of Agency § 228 (1958)) (italics omitted).   "Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master."   *Id.* (italics omitted).

Courts that have considered similar intentional conduct committed by employees of a state agency have determined that such intentional acts do not fall within the scope of employment. See *W. Va. Reg'l Jail*, 766 S.E.2d at 770-72 (finding that the intentional torts committed by a correctional officer were "in no way an 'ordinary and natural incident' of the duties with which he was charged by the WVRJCFA and in no way furthered the purposes of the WVRJCFA"); *Hamilton v. Hill*, No. 2:20-cv-00368, (S.D. W. Va. June 25, 2020) (J., Goodwin) (Document 11); *Kelly v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 2:18-cv-01074, *8-9 (J., Copenhaver) (Document 47) (finding that "no reasonable factfinder could conclude that the purposeful and malicious attacks alleged in the plaintiff's complaint could serve the purpose of WVRJCFA").   Similarly, the Plaintiff alleges that the individual Defendants beat him maliciously, for no legitimate purpose. The Court finds that no reasonable factfinder could conclude that such actions served the purposes of WVDOC.   This Defendant is entitled to qualified immunity with respect to vicarious liability for assault and battery.

### B.  Assault and Battery

The Defendant argues that it cannot be held liable for assault and/or battery because, as a state agency, it is not capable of committing the same. It is unclear from reading the Complaint that the Plaintiff attempts to bring such a direct claim against the Defendant, WVDOC. In any event, given the alleged facts, any claim for assault and battery against the WVDOC could only

be based on vicarious liability.  Thus, in view of the ruling above, the Court finds any further discussion of WVDOC's liability for assault and battery to be unnecessary.

### C.   Failure to Comply with Legislative Rules and WVDOC Policy and Procedure

The Defendant further argues that the Plaintiff's claim that it violated legislative rules and WVDOC policy and procedure should be dismissed.   The Plaintiff's complaint states that the Defendant failed to conduct the requisite background checks and psychological evaluations to determine whether the individual Defendants were suitable for their positions as correctional officers.   The Plaintiff also states that the individual Defendants had recently been the subject of other excessive force claims by other inmates and that WVDOC should have removed the individual Defendants from contact with other inmates until it completed investigations of those matters.   Consistent with other decisions within this district, this Court interprets this claim as a state law claim for negligent hiring and/or retention.   *Hamilton v. Hill*, No. 2:20-cv-00368, (S.D. W. Va. June 25, 2020) (J., Goodwin) (Document 11).

Under West Virginia law, a claim for negligent hiring turns on whether the employer should have reasonably foreseen the risk associated with hiring an unfit person and whether the employer conducted a "reasonable investigation into the employee's background vis a vis the job for which the employee was hired."  *Tomashek v. Raleigh Cty. Emergency Operating Ctr.*, 344 F. Supp. 3d 869, 877 (S.D. W. Va. 2018).   Courts must also consider "the nature of the employee's job assignment, duties, and responsibilities."  *Id.*   As the potential of risk to third persons increases, the duty with respect to hiring and retention also increases.  *Id.*

8

As noted above, the WVDOC, as a state agency, is entitled to qualified immunity for discretionary functions unless the Plaintiff has demonstrated that the Defendant violated a clearly established right with respect to hiring or retention.   The applicable provision states,

> All jail facility personnel who have direct contact with inmates shall undergo psychological testing prior to their employment and when a justifiable need exists during their employment, to determine their suitability for appointment and retention.   The testing shall include, but not necessarily be limited to, measurements of basic attitudes and tendencies toward honesty and against unprovoked acts of personal violence and shall be administered, scored and interpreted by, or under the supervision of, a licensed psychologist.

W. Va. CSR § 95-1-4.2.   Another applicable provision states, "A staff person charged with alleged maltreatment of an inmate shall not work directly with any inmate until an investigation is completed."   W. Va. CSR § 95-1-4.10.

Accepting the allegations set forth in the Plaintiff's complaint as true for purpose of resolving the motion to dismiss, the Plaintiff has set forth sufficient information to allege that the Defendant violated a clearly established right with respect to negligent hiring and/or retention. The Court, therefore, finds that the motion to dismiss should be denied with respect to this claim.

   D.   *Section 1983 Claim*

Lastly, the Defendant argues that it is entitled to dismissal of the claim brought pursuant to 42 U.S.C. § 1983.   Generally, a state is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)   However, the Plaintiff expressly stated in his complaint, and the Defendant acknowledged, that no claim against the Defendant WVDOC was made pursuant to § 1983.   Therefore, the request to dismiss § 1983 claims against this Defendant is moot.

9

**CONCLUSION**

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 5) be **GRANTED IN PART AND DENIED IN PART**.   Specifically, to the extent a claim of assault and battery is made against the Defendant West Virginia Division of Corrections and Rehabilitation in Count I, the same is hereby **DISMISSED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      December 29, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA