IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CARL HUGHES,

        Plaintiff,

v.                                        CIVIL ACTION NO.   2:20-cv-00730

CORRECTIONAL OFFICER C. WHITE, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendant Carson White's Motion to Dismiss* (Document 31), *Memorandum of Law in Support of Defendant Carson White's Motion to Dismiss* (Document 32), *Plaintiff's Memorandum in Opposition to C.O. Carson White's Motion to Dismiss* (Document 34), and all attendant documentation.   For the reasons stated herein, the Court finds that the motion should be denied.

FACTUAL BACKGROUND

The Plaintiff originally filed his complaint in the Circuit Court of Kanawha County, West Virginia, on August 12, 2020.   The matter was removed to this Court on November 9, 2020.   The complaint alleges that while the Plaintiff was an inmate at the Huttonsville Correctional Center, he sustained injury and emotional distress after being beaten by Defendants C. White and T. Hammonds, who were employed by the West Virginia Division of Corrections and Rehabilitation (WVDOC).

Specifically, the Plaintiff alleges that on or about August 29, 2018, the Plaintiff was serving his last day in segregation as an inmate of WVDOC.   The inmate in the cell beside the Plaintiff

had an argument with Corporal Postels.   Corporal Postels left the area, stating that he would be right back.   Instead of Corporal Postels returning, Defendant Correctional Officers C. White and T. Hammonds returned and told the Plaintiff to "cuff-up."   The Plaintiff complied.   After he was handcuffed, one of the Defendants stated, "You want to disrespect one of my officers, we're going to beat you up."   (Compl. at ¶ 7.)

The Plaintiff tried to explain that the Defendants were making a mistake and had the wrong person.   The Defendants then attempted to slam the Plaintiff's face into the bar over the pod door. They ran the Plaintiff into the wall, causing his face to hit the wall.   The Defendants grabbed the Plaintiff's legs from underneath him and slammed him into the concrete.   At that point, Corporal Postels came running out to inform the two officers they had the wrong inmate.   The Defendants apologized to the Plaintiff but threatened that if he tried to report the incident, something worse would happen to him.   The Plaintiff suffered blurred vision in his left eye, a black eye, cuts, bruises, mental anguish, embarrassment, and humiliation as a result of the incident.

Based on these allegations, the Plaintiff asserts claims for assault and battery, violation of 42 U.S.C. § 1983, and failure to comply with legislative rules and WVDOC policy and procedures. The Plaintiff seeks damages up to an amount commensurate with the amount of insurance coverage applicable to the claims.   He states that he is not asserting a claim pursuant to 42 U.S.C. § 1983 against the WVDOC, nor is he asserting a claim for punitive damages against the state agency.

Defendant White filed a motion to dismiss on July 19, 2021.   The Plaintiff filed a response on July 27, 2021.   The matter is ripe for review.

**DISCUSSION**

Defendant White asserts that on October 28, 2020, the Plaintiff successfully petitioned the Circuit Court of Kanawha County for additional time to properly serve him.   The Plaintiff was granted a sixty-day extension of time to make service.   Given the extension, the Plaintiff's deadline to timely serve Defendant White would have been December 28, 2020.   The action was removed to this Court on November 9, 2020, before the expiration of the sixty-day extension. Once in federal court, the Plaintiff did not request any additional time to serve Defendant White.

Defendant White was not served until June 27, 2021, nearly six months after the extension had expired and nearly one year after the action commenced.   Defendant White argues that if the Plaintiff is permitted to maintain the action against him, he will undoubtedly be prejudiced because litigation has continued to progress.   Moreover, Defendant White argues that this matter should be dismissed because the Plaintiff failed to request additional time within which to make service and, therefore, service is untimely.

The Plaintiff argues that there is good cause for failing to serve the Defendant within the time allocated, and requests that this Court extend the time frame to effect such service.   The Plaintiff asserts that he hired a process server, who attempted to locate the Defendant.   Multiple unsuccessful efforts were made to locate Defendant White.   Moreover, the Plaintiff asserts that extending the time to serve the Defendant will not result in prejudice, because the Plaintiff is agreeable to modifying the scheduling order to accommodate the delayed service.

"Pursuant to Rule 12(b)(5), this Court may dismiss a complaint that has not been served on a defendant in the manner prescribed by Federal Rule of Civil Procedure 4."   *Dabiri v. Internal Revenue Service*, No. 2:20-cv-00172, 2020 WL 8484873, at *1 (*quoting Smith v. W. Va. Reg'l Jail*

*& Corr. Facility Auth.*, No. 3:15-cv03387, 2016 WL 696606, at *2 (S.D. W. Va. Jan. 26, 2016)

(Tinsley, J.) (internal quotation marks omitted).   The "[p]laintiff bears the burden of establishing

the validity of service once that service is contested."   *McCoy v. Norfolk Southern Railway Co.*,

858 F. Supp. 2d 639, 651 (S.D. W. Va. 2012) (Copenhaver, J.).   The Federal Rules of Civil

Procedure provide:

> If a defendant is not served within 90 days after the complaint is
> filed, the court—on motion or on its own after notice to the
> plaintiff—must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).   "What constitutes good cause for purposes of Rule 4(m) necessarily is

determined on a case-by-case basis within the discretion of the district court.   *Collins v. Thornton*,

782 Fed.Appx. 264, 267 (4th Cir. 2019) (*quoting Scott v. Md. State Dep't of Labor*, 673 F.Appx.

299, 306 (4th Cir. 2016)) (internal quotation marks omitted).

In this case, the Court finds that there is good cause for extending the time for service of

process.[1]   The Plaintiff has submitted documentation, showing that multiple attempts were made

to serve Defendant White but that the process server had a difficult time locating the Defendant.

Moreover, the Plaintiff provided information establishing that service was made upon discovery

of Defendant White's place of employment.   In this case, there is no evidence of neglect.   *Cf.*

*Oakes v. Saul*, 1:19-cv-00796, 2020 WL 3036006, *1 (S.D. W. Va. Jun. 5, 2020) (finding that

inadvertent neglect to make service did not constitute good cause); *In re Ethicon, Inc., Pelvic*

*Repair System Products Liability Litigation*, 2:12-cv-02605, 2016 WL 305054, at *2 (S.D. W. Va.

---

1 The Court notes that the Plaintiff should have properly requested an extension of time for making service, rather
than serving the Defendant almost six months after the expiration of the state court extension.

Jan. 25, 2016) (holding that "unexplained negligence is not good cause for the court to grant an extension of time").   Given the Plaintiff's pending motion to modify the scheduling order to accommodate Defendant White, the Court further finds that no prejudice shall result from the delayed service.   Accordingly, the Court finds that the motion to dismiss should be denied.

### CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Carson White's Motion to Dismiss* (Document 31) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     August 6, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA